IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Larry A. McGowan, | ) CASE NO. 1:16 CV 1093 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) MEMORANDUM OPINION |
| Cuyahoga County Jail, *et al.*, | ) AND ORDER |
| Defendants. | ) |

*Pro se* plaintiff Larry A. McGowan, a state prisoner, has filed this *in forma pauperis* civil rights action against the Cuyahoga County Jail and its Warden, Victor McArthur, pursuant to 42 U.S.C. §1983. He alleges Warden McArthur is not giving him access to the law library despite an order of the Cuyahoga County Court of Common Pleas requiring that jail staff provide him such access. He also alleges the Warden has directed Chaplain Walters to "stop doing notary's [sic] for everybody in the whole County Jail" and that "the County Jail is backing [the Warden's] every move." The plaintiff seeks an order requiring that he be given access to the law library. His civil cover sheet indicates he also seeks monetary damages.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), 28 U.S.C. §1915(e)(2)(B) requires a district court to dismiss *sua sponte* any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. Similarly, 28 U.S.C. §1915A requires a district court to dismiss as soon as practicable after docketing any civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity that fails to state a claim. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to survive dismissal, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A). The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In considering whether a complaint is subject to dismissal, the complaint is construed favorably to the plaintiff and his well-pleaded factual allegations are accepted as true. *See Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004).

**Analysis**

Upon review, the Court concludes that the plaintiff's complaint must be dismissed pursuant to 28 U.S.C. §§1915(e) and 1915A. Even liberally construed, the plaintiff's allegations are insufficient to allege a plausible claim under §1983, which requires a plaintiff to demonstrate that a person acting under color of state law deprived him of a right secured by the federal Constitution or laws. *See* 42 U.S.C. §1983.

The plaintiff has not alleged facts sufficient to demonstrate he suffered a constitutional deprivation by a person acting under color of state law. Although prisoners have a constitutional right under the First Amendment of access to the courts, including a right of access to legal

materials, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), this right is not unlimited. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). In order to allege a constitutional violation, a plaintiff must show that he suffered "an actual injury to existing or contemplated litigation" as a result of being denied access to legal resources. *Courtemanche v. Gregels*, 79 Fed. App'x 115, 117 (6th Cir. 2003). He must plead and demonstrate that his lack of access to legal resources actually hindered his efforts to pursue a non-frivolous legal claim. *See Lewis*, 518 U.S. at 351-53 (1996); *Clark v. Corrections Corp. of America*, 113 Fed. App'x 65, 68 (6th Cir. 2004) (affirming *sua sponte* dismissal of a prisoner's claim of denial of access to the courts where the prisoner "offered no factual allegation suggesting that defendants prevented him from presenting a non-frivolous legal claim"). Further, a prisoner's right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus applications, and civil rights actions challenging conditions of his confinement. *See Courtemanche*, 79 Fed. App'x at 117.

Even if the plaintiff's allegations are sufficient to suggest that prison staff have failed to comply with a state court order, they do not support a plausible access-to-the-court-claim under §1983 because the plaintiff has not alleged facts suggesting that his lack of access to the law library, or to notary services, has actually hindered or prejudiced his efforts to pursue a non-frivolous legal claim. The plaintiff has not alleged facts suggesting he has actually been hindered in efforts to pursue a non-frivolous direct appeal, a habeas corpus application, or a civil rights action. *See McCurtis v. Wood*, 76 Fed. App'x 632, 634 (6th Cir. 2003) (affirming dismissal of a prisoner's access to the court claim where the prisoner failed "to allege the exact nature of his frustrated claims, whether he actually had pending cases which were dismissed, or why he was unable to proceed on [the] alleged claims").

## Conclusion

Accordingly, for the reasons stated above, the plaintiff's §1983 action is dismissed in accordance with 28 U.S.C. §§1915(e)(2)(B) and 1915A.  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 28, 2016